(52 Misc. Rep. 458)

### MARKOWITZ ·v. TEICHMAN.

(Supreme Court, Appellate Term.   February 4, 1907).

PLEADING—BILL OF PARTICULARS.

> In an action to recover a deposit to bind a contract for purchase of real estate and money paid for examination of the title, on the ground that there were incumbrances on the premises other than those mentioned in the deed, and the defendant could not give a marketable title, defendant, who swears that he knows there are no incumbrances other than those specified in the contract, is entitled to a bill of particulars of what plaintiff claims to be incumbrances, but not as to the name and address of the attorney whom plaintiff claims to have paid for examining the title.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 959–962.]

Appeal from City Court of New York.

Action by Louis Markowitz against Abraham Teichman. From an order, defendant appeals. Reversed in part.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Robert L. Turk, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

PER CURIAM. This is an appeal from an order denying defendant's motion for a bill of particulars. The action is to recover $1,000, deposited by plaintiff with defendant to bind a contract for the sale of real property, and $125, paid by plaintiff for the examination of the title. In paragraph 8 of the complaint plaintiff alleges "upon information and belief that the incumbrances on said premises were other than those mentioned in the said contract, and that the said defendant was not ready and could not deliver, if he were present at the time of closing, a free and marketable title to the premises." In paragraph 10 of the complaint plaintiff alleges "that plaintiff has had the title examined, and has expended $125 for counsel fees, which was the reasonable value thereof." The defendant demanded a bill of particulars,

specifying the incumbrances, stating the defects in the title, and giving the name and address of the attorney to whom plaintiff paid $125 for examining the title, with the date of such payment. This motion was denied, and defendant appeals.

In his moving affidavit defendant swears that "to his personal knowledge there are no incumbrances other than those mentioned in the said contract, and that he is without information or the means of information as to the other incumbrances alleged by plaintiff in the complaint herein, as aforesaid, and that in order to enable defendant to properly defend this action upon the trial thereof it is necessary that he be furnished with a bill of particulars as to the said facts." The defendant desires to be prepared at the trial to meet, not only the real facts as to incumbrances, but also such alleged facts as plaintiff may attempt to establish. One of the charges that defendant will be called upon to meet is that the title that he offered to convey was not a good title to the premises, and it seems to us that it is necessary to a fair trial of the action that defendant should be apprised beforehand of the specific defects in the title. Without such knowledge defendant may be exposed to surprise at the trial by the presentation of a defect which it is possible might be met and removed. The plaintiff cannot be injured by being compelled to specify such defect, whether it be a substantial one or not. A specification of the alleged incumbrances and defects will narrow the issues and enable defendant to confine his preparation to the things that are to be litigated. We think a bill of particulars as to the alleged incumbrances and defects should have been given, but not as to the name and address of the lawyer to whom plaintiff paid the $125 for examining the title, as plaintiff should not be compelled to disclose his witnesses.

The order is reversed, and the motion granted as to the demand for particulars concerning the alleged incumbrances and defects, but denied as to the name and address of plaintiff's witness, although the date of the alleged payment may be given. No costs of this appeal or of the motion are allowed to either party.